UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:_____

ELECTRICIANS LOCAL UNION NO. 606 PENSION - ANNUITY FUND, TODD PROVOST, JAMES MACDONALD, KENNETH WOOTON, CHRISTOPHER HARRISON, as Trustees of ELECTRICIANS LOCAL UNION NO. 606 PENSION - ANNUITY FUN; CENTRAL FLORIDA ELECTRICAL JOINT APPRENTICESHIP TRUST FUND and LOCAL UNION NO. 606 OF THE INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS

        Plaintiffs,

v.

JAM ELECTRIC, LLC.
   A Florida Limited Liability Company

        Defendant.
_____/

## COMPLAINT

## GENERAL ALLEGATIONS

**COME NOW** the Plaintiffs, and file this Complaint against Defendant, and allege the following:

1. This Court has jurisdiction pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended (29 USC §185), (hereinafter referred to as the "Act"), and §502 and §515 of the Employee Retirement Income Security Act of 1974 (29 USC §1132 and §1145) (hereinafter referred to as "ERISA").

2. Plaintiffs are as follows:

   A. The Electricians Local Union No. 606 Pension - Annuity Fund is an Employee Benefit Plan which is a multi-employer employee benefit plan within the meaning of ERISA.

   B. Central Florida Electrical Joint Apprenticeship Trust Fund is a multi-employer employee benefit plan within the meaning of ERISA.

   C. The named individuals (hereinafter "Trustees") are Trustees and Fiduciaries of the Electricians Local Union No. 606 Pension - Annuity Fund.

   D. Local Union No. 606 of the International Brotherhood of Electrical Workers is an unincorporated labor organization.

3. The Defendant is a limited liability company organized and existing under the laws of the State of Florida.

4. The contributions due are for work performed in various counties, including Orange, Brevard, Seminole, and Lake County, Florida within this judicial district.

5. The Defendant is an employer engaged in commerce within the meaning of the Act.

## COUNT I

## TRUSTEES AND EMPLOYEE BENEFIT PLANS CLAIM FOR UNPAID CONTRIBUTIONS, LIQUIDATED DAMAGES, INTEREST AND ATTORNEY'S FEES UNDER ERISA §502 AND §515

Plaintiff Plans and Trustees sue Defendant and allege:

6. Plaintiffs' re-allege and adopt by reference the allegations in paragraphs 1 - 5

7. The Defendant is obligated to provide monthly contribution report forms and make contributions to the Trustees of the multi-employer Plan(s) under the terms of a collectively bargained agreement. Exhibit A is the Agreement between the Union and Central Florida Chapter, NECA (a multi-employer association) and Exhibit B is the Letter of Assent of Defendant to Exhibit A.

8. Said contributions are to be made to Plaintiffs.

9. The contributions due are for work performed in this judicial district from the months of November, 2022 - December, 2022 and continuing thereafter.

10. The Defendant has failed to remit contribution report forms and pay the contributions due in a timely manner, and has failed to provide all monthly contribution report forms for the time period of

November, 2022 - December, 2022 and continuing thereafter.

11. The Plaintiffs are entitled to a reasonable attorney's fee for the maintenance of this action and the costs of bringing this action.

12. Plaintiffs are entitled to interest and liquidated damages, both for the contributions currently unpaid and continuing thereafter pursuant to the collectively bargained agreement and/or Trust Agreement and/or ERISA.

**WHEREFORE,** Plaintiffs' Plans and Trustees pray that this Court grant unto them the following relief:

13. That Defendant be compelled to produce payroll records to allow the Plaintiffs to determine the unpaid contributions.

14. That a Final Judgment for damages be entered in favor of the Plaintiff Plans and Trustees and against the Defendant by reason of the above for:

    A. Unpaid contributions

    B. Liquidated damages

    C. Interest as provided for in the Trust Agreements adopted by reference in the collective bargaining agreement.

    D. Reasonable attorney's fees.

15. That the Court grant such other relief as it deems just and proper.

## COUNT II

## UNION CLAIM FOR UNPAID DUES CHECKOFF PAYMENTS WITHHELD FROM WAGES OF EMPLOYEES

Plaintiff Unions sue Defendant and alleges:

16. Plaintiffs' re-allege and adopt by reference the allegations in paragraphs 1 - 5.

17. Pursuant to the collective bargaining agreement (Exhibit A), the Defendant has withheld dues check-off payments from the wages of its employees but has failed and refused to remit such contributions to the Unions in accordance with the collective bargaining agreement.

18. The Defendant has failed to pay the dues checkoff payments for the months of November and December, 2022 and continuing thereafter.

19. The Unions are entitled to a judgment for the unpaid dues check-off payments.

**WHEREFORE,** Plaintiff Union and Trustees pray that this Court grant unto them the following relief:

20. That a Final Judgment for damages be entered in favor of the Plaintiff Union.

Dated: February 14, 2023

Respectfully submitted,

**VENABLE LAW FIRM, P.A.**
By: S/W. Eric Venable
W. Eric Venable, Esquire
Trial Attorney for Plaintiffs
Florida Bar: 149593
7402 N. 56th Street, Suite 380
Tampa, Florida 33617
(813) 985-7122 - Telephone
(813) 985-8622 - Facsimile
eric@venablelawfirm.com